HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD T. BROWN,

    Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

Case No. C08-5599RBL
(CR03-5426RBL)

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On September 24, 2004, Brown was sentenced to 168 months in custody based upon his conditional plea of guilty to Count 1 of a three count Superceding Indictment charging him with Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. In return for his plea of guilty the government agreed to dismiss at sentencing Count 2 (Manufacture of Methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846) and Count 3 (Possession of a Firearm in Furtherance of a Drug Trafficking Offense, 18 U.S.C. §§ 2 and 924(c)(1)(A)(i)). Additionally, the government agreed to dismiss the Sentencing Information filed pursuant to 18 U.S.C. § 851. The net effect of the concessions by the government was to reduce Brown's sentencing exposure from a

mandatory minimum 25 years to a mandatory minimum 10 years. Brown was free under the conditional plea to appeal the denial of his motion to suppress.

Brown exercised his right to appeal. Paula T. Olson, appointed counsel for the defendant challenged on appeal this Court's denial of the motion to suppress. Brown was permitted to supplement the appeal and he personally raised two issues: (1) whether he was denied his Sixth Amendment right to a speedy trial; and (2) whether there was a violation of the Speedy Trial Act. On December 19, 2005, the Ninth Circuit affirmed this Court's denial of Brown's motion to suppress, declined to address his supplemental speedy trial claims deeming them waived under his plea agreement, and remanded under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) for this Court to determine whether it would have imposed a different sentence based upon the now advisory sentencing guidelines.

On remand this Court declined to re-sentence the defendant [Dkt. #162]. Brown moved for reconsideration of the Court's decision arguing that the Court erred by, among other reasons, failing to consider his sentence in relation to his co-defendants. On July 6, 2006, the Court denied Brown's motion for reconsideration and made explicit what was implicit in its original Order: Brown's sentence was reasonable under the factors set forth in 18 U.S.C. § 3553(a) and was appropriate in relation to his co-defendants. *See, e.g.* 18 U.S.C. § 3553(a)(6).

Brown appealed to the Ninth Circuit who affirmed this Court's decision in an unpublished memorandum disposition dated November 26, 2007. In the interim, Brown also sought reconsideration of the original panel's decision that he had waived appeal of speedy trial issues. The Ninth Circuit denied his motion for reconsideration by Order dated December 18, 2007.

On September 22, 2008, Brown timely filed the instant motion. In it he asserts five grounds for relief: (1) that his retained counsel, Steven J. Krupa, rendered ineffective assistance by moving for a continuance of defendant's trial on October 14, 2003; (2) that AUSA Bruce Miyake misled the Court with regards to the motion for a continuance in violation of 18 U.S.C. § 3161(b)(3)(sic)[1]; (3) that his Sixth Amendment right to a speedy trial was violated; (4) that his sentence was disproportionally severe in relation to his co-defendants and was based on facts that he did not admit; and (5) that his appointed counsel at his plea and sentencing, Paula T. Olson, rendered ineffective assistance by advising him that he

---

[1] The Court assumes Brown is referring to 18 U.S.C. § 3162(b)(3).

could appeal the speedy trial issues and that his waiver of the right to appeal those issues was not knowing and voluntary. Because all of Brown's allegations can be addressed from the record before this Court, an evidentiary hearing is not required or necessary.[2]

## II. DISCUSSION

**A.  The Defendant's Rights Were Not Violated By The October 14, 2003 Continuance Of His Trial.**

In Brown's first three grounds for relief he alleges that his constitutional and statutory rights to a speedy trial were violated when his trial was continued from October 14, 2003 to December 15, 2003. He claims that his counsel was ineffective when he so moved and the government misled the Court when the AUSA supported the motion[3].

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient", and (2) counsel's "deficient performance prejudiced the defense." *Id*., at 687. To show that counsel's performance was deficient, the defendant must show that "counsel's representation fell below an objective standard of reasonableness". *Id*., at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*., at 689.

On October 14, 2003, the date set for an evidentiary hearing on Brown's motion to suppress and for trial of Brown and co-defendant Walter Martin, Brown's counsel at the time, Steven J. Krupa, moved for a continuance. The record reflects that he did so for several reasons. First, the government had provided to the defense lab test results and a c.v. for their expert the week or so prior to trial. In a letter from Mr. Krupa to Mr. Miyake dated October 12, 2003, Mr. Krupa acknowledges the receipt of the lab

---

[2] Although the Court previously granted the Government's Motion for an Order Waiving Brown's Attorney-Client Privilege [Dkt. #15] so that the government may obtain an affidavit from Paula T. Olson, no affidavit was filed. After review of the motion, response, and reply, the Court has determined that the issues may be decided without further evidence from Ms. Olson.

[3] In his motion Brown argues that his counsel agreed to the motion to continue made by the government. Brown is mistaken. The record reflects that the oral motion was actually made by his counsel and agreed to by the government. *See* Transcript of October 14, 2003 Hearing, Dkt. #71.

test results and indicated that due to their late disclosure "my client has informed me that I must ask for a continuance." [*See* Government's Response to Defendant's 2255 Motion, Exh. 4]. Second, on the morning set for trial co-defendant Walter Martin entered a guilty plea and agreed to testify against Brown. And, third, fugitive co-defendant Brett Gossett was arrested on October 9, 2003, and arraigned on October 10, 2003. At that time his trial date was set for December 15, 2003. As Brown concedes, the Speedy Trial Act provides that the time for trial runs as to all properly joined defendants from the date the last defendant first appears. *See* 18 U.S.C. §§ 3161(c)(1) and (h)(6).

On the morning set for trial, or at the earliest just a few days before trial, Mr. Krupa was faced with new evidence (the lab reports) and new information (the plea and cooperation of co-defendant Martin, and the arrest and possible cooperation of co-defendant Gossett) that dramatically changed the dynamic of the trial and necessitated a change in trial strategy and further preparation. Despite Brown's assertions to the contrary, the record reflects that he did not object to his counsel's request for a continuance. The October 12, 2003 letter from Mr. Krupa to the government indicated that Brown wanted the continuance. Furthermore, during the hearing on October 14, 2003, Brown was present in Court during all the substantive discussion of the motion and did not voice any objection.

In light of the new developments in the case cited above, Mr. Krupa did not render ineffective assistance. To the contrary, had he not requested a continuance, he may well have not been prepared to adequately defend Brown and as a result could have violated Brown's Sixth Amendment right to effective assistance of counsel.

Brown next argues that because Gossett began discussions about cooperating with the government upon his arrest, the government misled the Court in violation of 18 U.S.C. § 3162(b)(3) when counsel indicated that a continuance was proper due to Gossett's recent arrest. Unlike *United States v. Hall*, 181 F.3d 1057 (9th Cir. 1999), the case relied upon by Brown, the government's concurrence in the continuance was not based on more time needed to negotiate a plea. The record clearly reflects that while a plea was possible, Gossett's attorney had not been provided any discovery or had the time or ability to yet do any independent investigation of the matter.[4] The government did not act improperly.

---

[4] At the October 14, 20903 hearing Bryan Hershman, counsel for Gossett indicated his concern that in the event his client did not enter a guilty plea whether he could be prepared for trial on December 15, 2003.

ORDER
Page - 4

Brown next argues that his speedy trial rights were violated. This claim, as distinct from his claims of ineffective assistance and governmental misconduct, is procedurally barred. At a hearing on March 31, 2004, these exact claims were presented to the Court and rejected. Because this Court has previously heard and decided this issue, it need not address it in the context of a 28 U.S.C. § 2255 motion. *Kaufman v. United States,* 394 U.S. 217, 227 fn. 8 (1969); *Polizzi v. United States,* 550 F.2d 1133 (9th Cir. 1976).

Brown is not entitled to relief on his first three claims.

**B.     Brown's Claim That His Sentence Was Disproportionally Severe In Relation To His Co-Defendants Is Procedurally Barred.**

In this Court's Order denying resentencing and Order denying reconsideration, the Court ruled on the issue of sentencing disparity. As such, it is procedurally barred. *Kaufman v. United States, supra; Polizzi v. United States, supra.*

To the extent he argues that his sentence was based on facts he did not admit, he is mistaken. He argues that because the factual recitation in his plea agreement differs from that of his co-defendants and that his co-defendants successfully argued for lesser sentences, the Court relied on impermissible facts. Brown is mistaken. The plea agreement provided all the necessary facts to establish the total offense level attributed to him and together with Brown's criminal history a corresponding guideline range was established. The Court then imposed a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a). Brown's claim fails.

**C.     Brown Suffered No Prejudice From Counsel's Advice That He Could Appeal Speedy Trial Issues.**

Even if Brown can show that Ms. Olson's failure to preserve his right to appeal the speedy trial

---

> MR. HERSHMAN: I'm certainly not pointing at Mr. Miyake and saying he's withholding evidence from me; he hasn't physically had an opportunity in the one- to two-working days that I've been involved in this case to get me discovery. I'm going to be playing catch-up in this. Effectively what the court is doing by setting a December 15th trial date is giving me about 60 days to do what has been done with the other counsel here in what will amount to about six months.
>
> This is not an easy case, and if I cannot settle this case with the U.S. Government - - and I have talked to Mr. Miyake at length about that here in my brief tenure - - but if I cannot settle this case in that time period, I don't know whether I can prepare for trial, although I will assure the court I will do everything possible to do that.

Transcript of October 14, 2003 Hearing, p. 8, Dkt. #71.

issues and her advice that he could still appeal "fell below an objective standard of reasonableness", *Strickland*, 466 U.S., at 688, he still must show prejudice. In the context of a counseled guilty plea, prejudice is only satisfied if Brown can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Brown has not shown that had he known he could not appeal his speedy trial issues, he would not have pleaded guilty and would have insisted on going to trial. He does not make that argument in his motion and the record supports his intent to plead guilty. After losing his suppression motion, Brown authorized his then attorney to enter into plea negotiations with the government. [*See* Letter from Steven Krupa to Bruce Miyake dated November 3, 2003, attached as Exh. 7 to Government's Response to Defendant's 2255 motion.]

The plea agreement that ultimately resulted from those plea negotiations and the negotiations that occurred with Brown's new counsel was extremely beneficial to Brown. In the plea agreement he entered on June 4, 2004, the government agreed to dismiss the sentencing enhancement charged under 21 U.S.C. § 851 and the § 924(c) charge, thereby reducing the mandatory minimum sentence he faced from twenty-five years to ten years. The government further agreed to limit the amount of methamphetamine Brown manufactured from 27 kilograms to only 50 grams of pure methamphetamine. This agreement between the parties reduced Brown's guidelines range from 292 to 365 months to 135 to 168 months. Because Brown cannot demonstrate prejudice, this claims fails.

To the extent Brown claims that his waiver was not knowing and voluntary, it is not supported by the record. During Brown's plea colloquy, this Court specifically stated to Brown that "I understand that this is a conditional guilty plea; that you have reserved the right to take up the court's order on the suppression motions . . . ." At no time did defendant stop the proceedings or indicate to the Court that he understood that he could appeal his speedy trial issues. This claims fails.

### III. CONCLUSION

Defendant'S Motion Pursuant to 28 U.S.C. § 2255 is **DENIED**. For the reasons stated in this Order, the Court declines to issue a certificate of appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

1 **IT IS SO ORDERED.**

2 The Clerk shall send uncertified copies of this order to all counsel of record, and to any party

3 appearing pro se.

4 Dated this 17th day of November, 2009.

```
                          /s/ Ronald B. Leighton
                          RONALD B. LEIGHTON
                          UNITED STATES DISTRICT JUDGE
```